IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03480-CMA-MJW

GEF SERVICES, LLC,

Plaintiff,

v.

MICHAEL SEAN CASAZZA,
JIM D. BURFORD,
ADRIAN RAMIREZ,
ENERGY TRANSPORT SOLUTIONS, LLC,
PATRICK LEO RUSHING, and
UNLIMITED MOBILE TIRE, LLC,

Defendants.

## RECOMMENDATION OF
## DISMISSAL OF CLAIMS AGAINST DEFENDANT ADRIAN RAMIREZ FOR FAILURE TO SERVE AND FAILURE TO PROSECUTE

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was referred to this court pursuant to an Order Referring Case issued by Judge Christine M. Arguello on February 26, 2015. (Docket No. 18).

This action was commenced over five months ago, yet defendant Adrian Ramirez has not yet been served. During a Scheduling Conference on April 7, 2015, this court ordered that a Show Cause Hearing would be held on June 16, 2015, at 9:00 a.m. The Amended Courtroom Minutes/Minute Order (Docket No. 31) issued that same day likewise ordered that a Show Cause Hearing would be held as to defendant Adrian Ramirez on June 16, 2015, at 9:00 a.m. A written Order to Show Cause also issued that day (Docket No. 30) likewise set the Show Cause Hearing, directing plaintiff to

2

show cause on June 16, 2015, at 9:00 a.m. as to why this case should not be dismissed as against defendant Ramirez pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 for failure to serve and failure to prosecute.  Those written orders were sent electronically to counsel of record.

Despite those verbal and written orders, plaintiff's counsel did not appear for the Show Cause Hearing on June 16, 2015, at 9:00 a.m., nor did defense counsel who have entered their appearance for other defendants.  Plaintiff's counsel did not file a response to the Order to Show Cause, nor did he move to continue the Show Cause Hearing.  There has been no proof of service filed with respect to defendant Ramirez.

As stated in the Order to Show Cause (Docket No. 30), Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against defendant Adrian Ramirez be

3

dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 for failure to serve and failure to prosecute.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  June 16, 2015                     s/ Michael J. Watanabe
       Denver, Colorado                  Michael J. Watanabe
                                         United States Magistrate Judge