IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03480-CMA-MJW

GEF SERVICES, LLC,

Plaintiff,

v.

MICHAEL SEAN CASAZZA,
JIM D. BURFORD,
ENERGY TRANSPORT SOLUTIONS, LLC,
PATRICK LEO RUSHING, and
UNLIMITED MOBILE TIRE, LLC,

Defendants.

## ORDER AND REPORT AND RECOMMENDATION

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the court pursuant to an Order of Reference issued by Judge Christine M. Arguello on February 26, 2015 (Docket No. 18).

Now before the court are the following two motions. First is defendant Jim D. Burford's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment (Docket No. 21). Second is Plaintiff's Motion for Leave to File Its First Amended Complaint (Docket No. 48), which was filed after defendant Burford filed the above-referenced motion (Docket No. 21). The court has carefully reviewed these two motions (Docket Nos. 21 and 48), the responses thereto (Docket Nos. 32 and 50), and the reply in support of the motion to dismiss (Docket No. 37). In addition, the court has considered applicable Federal Rules of Civil Procedure and case law and has taken

2

judicial notice of the court's file. The court now being fully informed, makes the following findings, conclusions, recommendation, and order.

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. Frank v. U.S. West, Inc. 3 F.3d 1357, 1365 (10th Cir. 1993). No such showing has been made here, and the motion to amend shall be granted. Plaintiff's tendered First Amended Complaint and Jury Demand (Docket No. 48-1) is marked up with the proposed additions and deletions. Plaintiff shall forthwith file a clean copy of Plaintiff's First Amended Complaint and Jury Demand.

In view of such finding, it is recommended that defendant Jim D. Burford's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment (Docket No. 21) be denied without prejudice.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Its First Amended Complaint (Docket No. 48) is granted. Plaintiff shall forthwith file its First Amended Complaint and Jury Demand. It is thus further

**RECOMMENDED** that defendant Jim D. Burford's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment (Docket No. 21) be denied.

3

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: December 21, 2015
s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge