IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03480-CMA-MJW

GEF SERVICES, LLC,

    Plaintiff,

v.

MICHAEL SEAN CASAZZA,
JIM D. BURFORD,
ENERGY TRANSPORT SOLUTIONS, LLC,
PATRICK LEO RUSING, and
UNLIMITED MOBILE TIRE, LLC,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING DECEMBER 21, 2015 ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (DOC. # 53)**

---

    This case was referred to Magistrate Judge Michael J. Watanabe to conduct non-dispositive proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(a) and (b). On March 13, 2015, Defendant Jim D. Burford moved for an order dismissing Plaintiff GEF Services LLC's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, summary judgment on Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 56.[1] On March 18, 2015, the Court referred Defendant Burford's motion to Magistrate Judge Watanabe. (Doc. # 22.)

---

[1] For future reference, the Court directs Defendant Burford's attention to Judge Arguello's Civil Practice Standard 7.1D(e), which states that "Rule 12(b) motions should not be stated in the alternative as a Rule 56 motion for summary judgment."

On July 15, 2015, while Defendant Burford's motion to dismiss was still pending, Plaintiff filed a motion for leave to amend its complaint. (Doc. # 48.) On July 16, 2015, the Court referred Plaintiff's motion for leave to amend to Magistrate Judge Watanabe. (Doc. # 49.)

On December 21, 2015, Magistrate Judge Watanabe issued an Order and Report and Recommendation (Doc. # 53) granting Plaintiff's Motion for Leave to File its First Amended Complaint (Doc. # 48) and recommending that Defendant Burford's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. # 21) be denied without prejudice. That report and recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On December 30, 2015, Plaintiff filed a first amended complaint (Doc. # 56)[2], and on December 31, 2015, Defendant Burford filed a motion for summary judgment (Doc. # 59).

On January 4, 2016, Defendant Burford timely filed an objection to Magistrate Judge Watanabe's report and recommendation. (Doc. # 60.) First, Defendant Burford objects, pursuant to Federal Rule of Civil Procedure 72(a), to Magistrate Judge Watanabe's granting of Plaintiff's motion for leave to amend its complaint. (Doc. # 60 at 1.) Defendant Burford argues that Plaintiff's motion should have been "denied as futile" because the amended complaint "is subject to dismissal for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b)." (Doc. # 60 at 1.) Defendant Burford then clarifies that the purpose of filing his objection is to "avoid any argument that Burford is precluded from arguing that Plaintiff has failed to properly plead its claims against Burford." (Doc. # 60 at 2.) Defendant Burford refers to

---

[2] Plaintiff's first amended complaint was struck and refiled on January 4, 2015. (Doc. # 62.)

previously filed documents, which, according to Burford, set forth the "specific grounds for the objections." (Doc. # 60 at 2.)

Second, Defendant Burford objects, pursuant to Federal Rule of Civil Procedure 72(b), to Magistrate Judge Watanabe's recommendation that his motion to dismiss be denied without prejudice. (Doc. # 60 at 2.) Defendant Burford states that he objects, "[o]ut of an abundance of caution," in order to "avoid any argument that the failure to file objections somehow precludes Burford from arguing that Plaintiff has failed to properly plead or submit evidence of its claims against Burford." (Doc. # 60 at 2.) Defendant Burford then, again, incorporates by reference previously filed documents. (Doc. # 60 at 2.)

## **ANALYSIS**

Federal Rule of Civil Procedure 15(a)(2) provides that, if a party is not permitted to amend a pleading as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." Pursuant to Rule 72(a), a reviewing district judge will modify or set aside a magistrate judge's order on a nondispositive matter only if the order is "clearly erroneous" or "contrary to law."

Magistrate Judge Watanabe granted plaintiff's motion for leave to amend after concluding that there had been no showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. (Doc. # 53 at 2.) Because Magistrate Judge Watanabe granted Plaintiff's motion to file an amended complaint, he also recommended that Defendant Burford's motion to dismiss be denied without prejudice.

Twice in his objection, Defendant Burford states that his primary motivation for objecting to Magistrate Judge Watanabe's order and recommendation is to preempt any argument that, by not objecting, he waived his right to argue that Plaintiff's complaint fails to state a claim against him. (Doc. # 60 at 2.) Because Magistrate Judge Watanabe recommended that Defendant Burford's motion to dismiss be denied *without prejudice*, Defendant Burford is free to re-file his motion to dismiss if he believes it necessary. Thus, the primary concern expressed in Defendant Burford's objection is, in fact, not an issue. Also, the Court notes that, before filing his objection, Defendant Burford filed a motion for summary judgment, which is currently pending before the Court.

Accordingly, it is hereby

ORDERED that the Order and Report and Recommendation of United States Magistrate Judge Michael J. Watanabe, filed on December 21, 2015, (Doc. # 53) is AFFIRMED and ADOPTED. In accordance therewith, it is

FURTHER ORDERED that Defendant Burford's motion to dismiss (Doc. # 21) is DENIED WITHOUT PREJUDICE.

DATED: January 11, 2016                                BY THE COURT:

                                                                         *Christine M. Arguello*
                                                                         _____
                                                                         CHRISTINE M. ARGUELLO
                                                                         United States District Judge